COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Frank and Clements


MARCELLUS WILLIAMS

                                                            MEMORANDUM OPINION*
v.      Record No. 2885-03-4                                      PER CURIAM
                                                                 MARCH 9, 2004
RESTON INTERFAITH, INC. AND
 NORTH AMERICAN SPECIALTY
 INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Alan S. Toppelberg; Alan S. Toppelberg & Associates, on brief), for
            appellant.

            (Lynn McHale Fitzpatrick; Franklin & Prokopik, P.C., on brief), for
            appellees.


        Marcellus Williams (claimant) appeals a decision of the Workers' Compensation

Commission denying his claim for temporary total disability (TTD) benefits after August 31,

2001.  Claimant argues that the full commission erred in arbitrarily ignoring medical evidence

considered by the deputy commissioner and in failing to articulate a basis for reversing the

deputy commissioner's award of TTD benefits through December 31, 2002.  Finding no error,

we affirm.

        On appeal, we view the evidence in the light most favorable to the prevailing party

below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

"There is no presumption in the law that once a disability has been established, a claimant will be

assumed to remain disabled for an indefinite period of time. . . .  To the contrary, a party seeking

compensation bears the burden of proving his disability and the periods of that disability."

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

<u>Marshall Erdman & Assoc. v. Loehr</u>, 24 Va. App. 670, 679, 485 S.E.2d 145, 149 (1997) (citation omitted).[1]  Like a finding of causation, the commission's determinations regarding the nature and duration of a claimant's disability also are findings of fact.  Thus, unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In reversing the deputy commissioner's award of TTD benefits beyond August 31, 2001, the commission found as follows:

> The claimant's own testimony establishes that he began suffering lower back problems in September 2001, and that it was this condition that prevented him from returning to work after Dr. [F. Donald] Cooney's full-duty work release. . . .
>
> While admittedly prospective, Dr. Cooney's June 2001 medical opinion regarding the claimant's ability to return to work is the only medical evidence on the issue in the Commission record before January 2002.  Dr. Cooney opined that the claimant's estimated return-to-work date following cervical surgery was August 1, 2001.  While the absence of a follow-up note is not explained, the August 1, 2001 date is consistent with the claimant's testimony that he received a full-duty release from Dr. Cooney in the late summer of 2001.  The claimant offered no testimony suggesting that any of his disability after August 31, 2001, was in any way related to his neck and left arm symptoms.  In fact, his testimony suggests that the only reason he did not return to work was his low back condition.
>
> The Deputy Commissioner discounted Dr. Cooney's prospective release, and awarded benefits through December 31, 2002, because it was not until that date that "the disability was ascribed to his back complaints."  We disagree with this analysis because it shifts the burden to the employer to prove that the disability is causally unrelated.  As noted above, the burden remained with the claimant to prove every element of his case, during all relevant periods, in this original claim for benefits.  While it is true that the doctor kept the claimant off work for a

---

[1] The deputy commissioner ruled that claimant's low back problems were not causally related to the compensable accident.  Claimant did not seek review before the full commission of that finding, and, therefore, it is final.

specified period, there is no presumption of continuing disability, and we find no affirmative evidence of causally-related disability between August 1, 2001 and January 2002.

We have not overlooked Dr. [S.D.] Calkins' January 3, 2002 disability slip, wherein she diagnosed the claimant's disability as being related to both cervical and lumbar stenosis. However, we are not convinced that this reference alone is sufficient to prove that the claimant's disability from September 1, 2001 to January 3, 2002, is causally related to the compensable injury. The claimant's own testimony contradicts the suggestion that his disability as of January 2002 was in any way related to his neck or left arm. Further, treatment notes after January 3, 2002, do not mention any ongoing symptomatology or disability in any way related to the neck or left arm injury. Finally, Dr. Calkins opined that the claimant's disability began on October 1, 2001, not September 1, 2001, and this difference in dates is completely unexplained.

Claimant testified that he had suffered from lower back problems since September 2001 and that he was currently under treatment for that condition. Claimant testified that Dr. Cooney, who treated him for his neck problems, told him he could return to work in August 2001. Claimant stated that he did not actually return to work because his lower back started hurting. He testified that he currently has not returned to work due to pain in his lower back and into his legs.

In light of claimant's testimony and Dr. Cooney's June 2001 opinion that claimant could return to work in August 2001, the commission was entitled to give little weight to Dr. Calkins's January 3, 2002 disability slip. Moreover, the treatment notes after January 3, 2002 contain no references to any symptoms or disability related to the compensable neck and left arm injuries. Accordingly, based upon this record, we cannot find as a matter of law that claimant's evidence sustained his burden of proving causally related disability after August 31, 2001.

Furthermore, we find nothing in the record or the commission's opinion to support claimant's contention that the full commission arbitrarily ignored medical evidence that was considered by the deputy commissioner. "Medical evidence is not necessarily conclusive, but is

subject to the commission's consideration and weighing." <u>Hungerford Mechanical Corp. v.</u> <u>Hobson</u>, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). The commission's opinion reflects that it thoroughly considered the medical evidence and found it insufficient to sustain claimant's burden of proof.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>